■ LOWELL C. HENRY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32997.) — Appeal by claimant from a judgment of the Court of Claims which dismissed his claim for damages for personal injuries alleged to have been sustained through the negligence of the State. Operating his automobile in a northerly direction on a State highway, claimant entered the westerly or southbound lane and overtook and passed a northbound truck just before entering a curve to the right. Claimant continued around the curve in the southbound lane and in that same lane collided with a southbound car. The court found the State negligent in failing to warn that the curve could not be safely negotiated at the speed permitted, in permitting the center lines to become partially obliterated and in failing to provide adequate banking and to construct the curve in accordance with good engineering practice. There was also a finding (No. 11) of contributory negligence in claimant's passing another vehicle on the approach to the curve, it being found that from a distance of 150 to 200 feet south of the point of tangency of the curve, the curve was obvious and apparent and that from this distance it was impossible for claimant to observe whether traffic was approaching from the north of the curve. The findings quoted seem to us to be supported by preponderant evidence. We agree with claimant's contention that a finding (No. 7) which preceded those quoted is unsupported by evidence, to the extent, at least, that claimant was thereby found to have "pulled into the west lane and started to pass a vehicle" at a point 150 to 200 feet south of the curve. The testimony was that at that point claimant's car, traveling at from 40 to 50 miles per hour, was abreast of the truck, then proceeding at 35 miles per hour and slowing down, so it is true that claimant turned out to pass at a greater distance from the curve than that specified in the finding. As has been noted, however, we approve the subsequent finding (No. 11) that the curve was apparent from a distance of 150 to 200 feet south of the point of tangency and that claimant should not have passed another vehicle on the approach to the curve. Upon this record no reason appears for claimant's failure, at the point 150 to 200 feet from the curve, to slow down, drop behind the truck

and resume his own lane; and this whether or not the curve became apparent before that point and whether claimant was then turning into the southbound lane or was then abreast of the truck. Judgment affirmed, without costs. Foster, P. J., Bergan, Gibson and Reynolds, JJ., concur; Herlihy, J., taking no part.